Keith RUDY, Jr., Therese Cooper, John Davis, Francis Aubrey, Dennis Daley, Angela Maille, Denise Pelletier, Sean O'Connell, Timothy Lekites, Stephen Paris, Erin Dalton, Mildred Badillo, et al., Plaintiffs,

v.

CITY OF LOWELL, Defendant.

Civil Action No. 07–11567–NMG.

United States District Court, D. Massachusetts.

June 7, 2010.

Daniel W. Rice, Glynn, Landry & Rice, LLP, Boston, MA, for Plaintiffs.

Brian W. Leahey, Ciy of Lowell Law Department, Lowell, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

The named plaintiffs brought suit on behalf of themselves and others similarly situated against the City of Lowell ("the City") for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by under-calculating the "regular rate" of pay used to determine overtime wages. Before the Court are cross-motions for summary judgment.

## I. *Background*

### A. Factual Background

This case involves a technical dispute with respect to the calculation of overtime pay under the FLSA. All of the plaintiffs are or, at the time of the complaint, were employed by the City and members of the American Federation of State, County and Municipal Employees, AFL–CIO State Council 93, Local 1705. A collective bargaining agreement ("CBA") sets forth the terms and conditions of plaintiffs' employment.

Two sections of the CBA are relevant here. First, the CBA provides that employees may receive augmentations to their pay under certain circumstances such as driving a snowplow or working undesirable night shifts. Second, the agreement allows employees to earn overtime pay if they work in excess of eight hours in one day and forty hours in one week. Overtime pay is calculated as one-and-a-half times an employee's regular pay. The crux of this dispute concerns whether various pay augmentations identified in plaintiffs' complaint should be included in their regular rate of pay for the purposes of calculating overtime wages.

The parties recently informed the Court that they have agreed on the resolution of all but one such augmentation: so-called standby pay. The City's Water Department used to run a voluntary standby program. Department employees could sign up for the program and one employee would be assigned standby duty each week on a rotating basis. After no employee volunteered in July, 2008, however, the program was terminated.

During the program's operation, an employee on standby duty was on-call during all hours not worked. The employee was required 1) to carry a beeper, 2) to stay within five miles of the City or any contiguous town and 3) to be able to respond to a call within about one hour. Otherwise, the employee was free to use the standby time as he or she pleased. Everyone who ever volunteered for standby duty lived in the City or a contiguous town and, under the CBA, was therefore also entitled to take a service truck home for the week. Employees on standby duty received additional compensation for their commitment: a weekly stipend of $150 for agreeing to be available for work and, upon responding to a call, a minimum of two hours at one-and-a-half times his base pay.

## B. Procedural History

Plaintiffs filed their complaint on August 22, 2007 and filed an amended complaint two months later identifying 88 plaintiffs. After a scheduling conference in August, 2008, this case proceeded routinely through discovery. In November, 2009, the parties filed cross-motions for summary judgment with respect to liability and plaintiffs opposed defendant's motion the following month.

In April, 2010, the parties filed a joint motion for entry of a scheduling order setting forth dates for the liability and damages phases of the case.[1]

## II. *Analysis*

### A. Legal Standard

#### 1. Summary Judgement Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes

---

1. The parties also filed an identical "joint" motion in March, 2010 but it was only signed by the plaintiffs.

that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

## 2. Regular rate

Calculation of the "regular rate" is significant because an employee who works overtime hours is entitled to earn one and one half times that "regular rate" for any such hours worked in the subject week. The FLSA defines the regular rate generally to include "all remuneration for employment paid to, or on behalf of, the employee". 29 U.S.C. § 207(e). The statute lists eight exceptions under which certain pay is not to be included in the regular rate (and thus is not subject to multiplication for overtime pay). The First Circuit instructs that

the list of exceptions is exhaustive, ... the exceptions are to be interpreted narrowly against the employer ... and the employer bears the burden of showing that an exception applies.

*O'Brien v. Town of Agawam*, 350 F.3d 279, 294 (1st Cir.2003) (citations omitted).

## B. Application

In their April, 2010 joint motion, the parties indicate that the only issue that this Court must decide is "whether the 'standby pay' called for under the [CBA] must also be included in the regular rate". Plaintiffs argue that it should be and the City that it should not be. The Court understands that the dispute relates only to overtime worked in weeks during which the subject employee volunteered for standby duty.

■ The burden lies with the City. It contends that the standby pay should be excluded from the regular rate pursuant to 29 U.S.C. § 207(e)(2) which exempts

payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment.

The City contends that the "clear language" of that provision applies because it excludes

payments made for occasional periods when no work is performed [and] other similar payments to an employee which are not made as compensation for his hours of employment.

Having quoted only the provision's more generic terms, the City maintains that, here, the $150 stipend is paid for voluntary "occasional periods" (rotating weeks of duty) and for "non-work" time (paid for being available, not as compensation for hours worked, because employees are paid more if they actually respond to a call).

Thus, the stipend should be excluded from the regular rate.

This case presents a statutory interpretation question of first impression in the First Circuit. Despite a dearth of authority, however, it seems clear that the plaintiffs have the better argument and that the standby pay should be included in the regular rate of those employees who worked overtime in weeks during which they volunteered for standby duty. The gloss provided by the case law instructs that § 207(e) must be interpreted narrowly. Standby pay appears nowhere in its exclusions and the City's selective quotations from § 207(e)(2) are disingenuous. Standby pay is distinct from payments made, for example, for vacation or sick time or similar non-routine absences that encompass compensation for time spent completely disconnected from the job. *See* 29 C.F.R. §§ 778.218, 778.224.

Instead, federal regulations and Department of Labor opinion letters have consistently found that payments for standby or on-call duty should be included in the regular rate.[2] 29 C.F.R. § 778.223. As one opinion letter explained:

> [P]ayments received by employees for being "on call," while not allocable to any specific hours of work, are clearly paid as compensation for performing duties involved in the employees' jobs and are not of a type excludable under section 7(e)(2) of FLSA. The payment for standby time must, therefore, be included in the regular rate for computing overtime compensation under FLSA.

Dep't of Labor, Wage and Hour Div., FLSA Opinion Letter, 1986 WL 1171137 (Mar. 25, 1986). *See also* Dep't of Labor, Wage and Hour Div., FLSA Opinion Letter 2008–6, 2008 WL 4906278 (Sept. 22, 2008); Dep't of Labor, Wage and Hour Div., FLSA Opinion Letter, 1998 WL 852812 (June 23, 1998). The fact that employees volunteered for the Water Department's standby program does not alter that conclusion. Dep't of Labor, Wage and Hour Div., FLSA Opinion Letter, 1987 WL 1369166 (Sept. 16, 1987) (applying the same interpretation under facts similar to this case in which employees volunteered for one week rotations of on-call duty).

A final observation is warranted. Much of the City's argument focuses on the contention that the standby stipend is for "non-work" time and that the employees were relatively free during their on-call time. As the plaintiffs correctly note, however, the City seems to confuse the concept of "hours worked", for which those arguments would be important, with the calculation of the "regular rate". As each of the cited opinion letters and regulations makes clear, although time spent on-call or on standby duty may or may not qualify as "hours worked" under the FLSA, § 207 has nonetheless been interpreted to require that payments for such time be included in the regular rate.

■ Accordingly, the Court finds that the Water Department's $150 standby stipend should be included in the regular rate at which employees are to be compensated in weeks during which they volunteered for standby duty.

### ORDER

In accordance with the foregoing,

1) defendant's motion for summary judgment (Docket No. 18) is, with re-

---

**2.** Although such opinions are not controlling, they "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944) (noting that their weight in a particular case depends upon factors such as the consistency with earlier and later pronouncements).

spect to standby pay, **DENIED** and, with respect to the remaining claims, **DENIED** as moot;

2) plaintiffs' motion for summary judgment (Docket No. 20) is, with respect to standby pay, **ALLOWED** and, with respect to the remaining claims, **DENIED** as moot; and

3) the parties' first joint motion to adopt a schedule (Docket No. 32) is **DENIED** as moot and their second joint motion (Docket No. 33) is **ALLOWED** with the following adjustments to the proposed dates:

   a) the parties will consider and resolve issues related to the calculation of back pay (Phase II) and the calculation of damages (Phase III) on or before August 15, 2010; and

   b) if the parties thereafter need further intervention of the Court, they will submit memoranda in support of their respective positions (not to exceed 10 pages in length) on or before August 31, 2010.

So ordered.